THE STATE OF FLORIDA *ex rel.* HELEN M. CARTER, *Relator,* v. W. N. SHEATS, AS STATE SUPERINTENDENT OF PUBLIC INSTRUCTION, *Respondent.*

Opinion Filed March 2, 1917.

'A person who has been granted a State Certificate under Chapter 6540 is entitled to a life certificate upon compliance with the requirements of Chapter 6164; and there should be no unjust discriminations between the persons entitled to life certificates whether such certificates are based on State Certificates issued under Section 370 Gen. Stats. of 1906, or based on State Certificates granted by Chapter 6540, Acts of 1913.

Peremptory writ awarded.

*Watson & Pasco,* and *Francis B. Carter,* for Relator.

*T. F. West,* Attorney General, for Respondent.

WHITFIELD, J.—A motion to quash the alternative writ of mandamus herein having been denied, and the relator having moved for a peremptory writ of mandamus, the respondent answered "that he had complied with the command of said writ by tendering to said relator a certificate in the form prepared by him as State Superintendent of Public Instruction of the State of Florida, which said form was duly approved by the State Board of Education of the State of Florida, copy of which said certificate is hereto attached and made a part of this answer;" viz:

"No.———                          Perpetual.
          "LIFE GRADUATE STATE CERTIFICATE
                   "STATE OF FLORIDA

"Office of Superintendent (Seal) of Public Instruction.
     "Whereas_____having graduated from the_____Department of the_____,and having been issued a Graduate State Certificate, under Chapter 6540, Acts of 1913, and having shown that_____ has done successfully High School or College teaching under said certificate for a period of not less than Eighteen Months, and having presented satisfactory endorsements showing eminent ability in teaching and in School Government from three persons holding Life Certificates;
     "Therefore, By authority given in Chapter 6164, Acts of 1911, I do hereby issue to_____ this Life Certificate, setting forth the subjects pursued and grades made thereon in_____Student Course, as reported by the President of the school from which _____graduated, and as recorded in_____State Certificate, which guarantees to_____the right to teach perpetually in

any of the schools of Florida the Specific subjects named herein and made a part of this Life Certificate.

"Witness, my hand and the Seal of the State Board of Education, this _____day of_____A. D. 191____.

_____
        "State Superintendent of Public Instruction.
    "Grades Made in Final Examinations of the Junior and Senior Years, as Reported by Dr. _____
_____President of the Institution.

ENGLISH—

  1.  The Bible _____%
  2.  Expression _____%
  3.  Rhetoric _____%
  4.  Literature _____%
  5.  _____%

LANGUAGES—

  1.  French _____%
  2.  German _____%
  3.  Greek _____%
  4.  Italian _____%
  5.  Latin _____%
  6.  Spanish _____%
  7.  _____%

HISTORY—

  1.  United States _____%
  2.  English _____%
  3.  General _____%
  4.  _____%

MATHEMATICS—

  1.  Geometry _____%
  2.  Analyt. Geom. _____%

3. Trigonometry _____%
4. Surveying _____%
5. Engineering _____%
6. Calculus _____%
7. Astronomy _____%
8. _____%

SCIENCES—
  1. Bacteriology _____%
  2. Biology _____%
  3. Botany _____%
  4. Chemistry _____%
  5. Geology _____%
  6. Physics _____%
  7. Political _____%
  8. Zoology _____%
  9. _____%

PHILOSOPHY—
  1. Ethics _____%
  2. History of _____%
  3. Logic _____%
  4. Metaphysics _____%
  5. Psychology _____%
  6. Sociology _____%
  7. _____%

EDUCATION—
  1. Methods, etc. _____%
  2. History of _____%
  3. _____%

INDUSTRIAL—
  1. Agriculture _____%
  2. Horticulture _____%
  3. Dom. Science _____%

4. Dom. Art _____%
5. Mechanic Arts _____%
6. Phys. Training _____%
7. _____%

PRIMARY—

1. Drawing _____%
2. Kindergarten _____%
3. Methods _____%
4. Nature Study _____%
5. **Vocal Music** _____%
6. _____%

ART—

1. Drawing _____%
2. Painting _____%
3. _____%

MUSIC—

1. Harmony _____%
2. History of _____%
3. Piano _____%
4. Violin _____%
5. Sight Singing _____%
6. Voice _____%
7. _____%

General Average _____%

Standing on Subjects Pursued in Previous Courses.

1. Agriculture _____%
2. Algebra _____%
3. Arithmetic _____%
4. Civics _____%

5.  Composition _____%
6.  Eng. Grammar _____%
7.  Latin (Beginners') _____%
8.  Orthography _____%
.9.  Pol. Geography _____%
10.  Phys. Geography _____%
11.  Florida History _____%
12.  U. S. History _____%
13.  Reading _____%
14.  Physiology _____%
15.  Sciences (Elem.) _____%
16.  Rhetoric _____%
17.  Pedagogy _____%
18.  _____%
19.  _____%
20.  _____%
21.  _____%
22.  _____%

"To this answer the relator replied "that no certificate in the form, or substantially the form set forth in the respondent's answer has heretofore been issued to the holder of any form of State Certificate as a compliance with Sec. 371, Gen. Stats.; that said form was prepared since the decision of this court on the motion to quash the Alternative Writ herein; that there have been issued by the State Superintendent 134 Life Certificates under Sec. 371, Gen. Stats., none of which restrict the holder to teaching specified subjects; all of which exempt the holder from further examinations as a teacher; that prior to the year 1909, a form of life certificate to be issued under said section 371, Gen. Stats., was adopted by the State Superintendent and State Board of Education, which was substantially the form then actually

.in use, which form so adopted was and is substantially as follows:

"No. 526.

"TEACHER'S LIFE STATE CERTIFICATE.
"STATE OF FLORIDA.

"No. _____.    (SEAL OF STATE)    Perpetual.

"TEACHER'S LIFE STATE CERTIFICATE.
"*Alios Docondo Discimus.*

"The eminent qualifications of_____as a teacher of youth, having been shown by_____distinguished success in the schools of this State, and having presented the requisite endorsements and testimonials as provided in Chapter 6164, Laws of Florida of 1911,_____ is therefore awarded this Diploma, which is of perpetual validity and forever exempts_____from further examination as a teacher in the public schools of this State.

"Given under my hand and the Seal of the State Board of Education, at the City of Tallahassee, this____ ____day of_____, 19____.

        "_____
                        "Supt. of Public Instruction.

"(Seal, State Board of Education.)

* * * * * * * * * * * * * * *

"That after its adoption, and prior to April, 1913, many certificates in said form were issued to and are now held by persons who complied with Sec. 371, Gen. Stats., and since April, 1912, many more certificates in the same form have been issued to, and are now held by other persons who complied with said Section.

"That the certificate tendered Relator is a special and not a life certificate, for the issuance of which no authority in law exists, and is not in the form prescribed and

adopted as aforesaid for issuance under said Section 371, Gen. Stats."

When Chapter 6164 was enacted in 1911 a life certificate was authorized to be issued only upon "a State Certificate" obtained under Section 370 General Statutes of 1906. Chapter 6540 granted a State Certificate to "all graduates" of certain colleges in this State upon compliance with the conditions stated in the Act. The policy and wisdom of granting "a State Certificate" to graduates of Colleges in the State were determined by the enactment of the law. While Section 370, General Statutes of 1906, provided that "A State Certificate *may be issued*," Chapter 6540 enacts that all graduates as stated therein *"are hereby granted* a State certificate," upon compliance with the named conditions. The Statute is controlling and its provisions should be observed.

It does not appear that after the passage of Chapter 6540 the school authorities prescribed or approved a distinct form of "a life certificate" to be issued under Chapter 6164 based on "A State Certificate" granted by Chapter 6540. It does appear from the pleadings that the form of a life certificate in use prior to the enactment of Chapter 6540 has since then been in use, and Chapter 6164 authorizes "a life certificate" to be issued "to any teacher holding a State Certificate issued since January 1, A. D. 1894" upon compliance with the conditions stated in the Act. The form of the certificate attached to the respondent's answer is not "a life certificate" within the contemplation of Chapter 6164 and the form shown to be in use is appropriate as "a life certificate" whether based on Section 370, General Statutes of 1906, or Chapter 6540. The relator having been granted a State Certificate under Chapter 6540 is entitled to have "a life certificate" issued to her as contemplated by Chapter 6164.

The copy of the form of certificate referred to in and made a part of the respondent's answer as set out above is of a "Life Graduate State Certificate" and not of "a life certificate" and it is essentially different from the "Teacher's Life State Certificate" contained in the relator's reply to the answer and shown to be the form of the life certificates that are issued under the law. The differences between the two forms do not merely show under which statute a certificate is issued or the studies and conditions upon which the holder became entitled to the certificate issued as authority to teach. There are conditions and limitations in the form submitted by the respondent that are not contained in the other form that is in use, and that are not required by law. The form of the life certificate heretofore used in issuing life certificates to teachers, as shown above in the relator's reply, and admitted by the demurrer thereto, is apparently in substantial conformity with the requirements of Chapter 6164, Acts of 1911, amending Section 371 of the General Statutes of 1906. It does not refer to studies or conditions pursued and does not contain limitations found in the other form of certificate. While the form of the life certificate as used may consistently with the statutes be varied in its contents to show whether it is based upon the State certificates issued under Section 376 of the General Statutes of 1906, or is based upon the State certificates granted by Chapter 6540, and doubtless also to show other matters of detail pertinent to the granting of the certificate, yet the statutes contemplate no other material differences; and there should be no unjust discrimination in the limitations and conditions imposed in the forms used for life certificates.

The relator being a graduate in 1914 of the Collegiate Department of the Florida State College for Women and

having complied with the provisions of Chapter 6540, Acts of 1913, was granted a State certificate October 6, 1914. Being, as shown by the alternative writ, a "teacher holding a State certificate issued since January 1, 1894, "who has successfully done high school teaching in this State for a period of eighteen months under a State certificate and who has presented satisfactory endorsement showing her eminent ability in teaching and school government from three persons holding life certificates, the relator is under Chapter 6164, Acts of 1911, amending section 371 of the General Statutes of 1906, entitled to "a life certificate, good in any part of the State and of perpetual validity." The form and contents of the life certificate should of course show that it is "a life certificate," and that it is "good in any part of the State and of perpetual validity."

If "a life certificate" issued under Chapter 6164, Acts of 1911, upon "a State certificate" obtained under Section 370, General Statutes of 1906, is in the form shown by the pleadings herein, which form makes no reference to studies and conditions pursued, or to any statute except Chapter 6164, under which all life certificates are issued, then "a life certificate" issued upon "a State certificate" granted by Chapter 6540 should in fairness be similarly formed, except as the proper school authority may have provided different forms to indicate the means by which each certificate is obtained.

The demurrer of the respondent reaches back to his answer; and the reply of the relator is good as against the answer which is insufficient as a defense to a peremptory writ.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.